John Munroe and others, Respondents, *v.* Lion Guilleaume, Appellant.

Action by plaintiffs, residents of Paris, on drafts payable at London, drawn by them, at Paris, on the defendant, and accepted by him.

Defense, certificate of discharge under the English bankrupt act.

*Held*, that, no proof of the statutes of Great Britain being made, the court had no evidence of the effect or force of the certificate produced.

That the plaintiffs, not being subjects of Great Britain, nor domiciled in England, and it not appearing that they voluntarily became parties to the proceedings in bankruptcy, or that they received any dividends thereunder, the discharge of defendant under English bankrupt laws, did not operate to release him from his liability upon an action thereon in the courts of this State.

*H. H. Morange*, for the appellant.

*A. F. Smith*, for the respondent.

Davies, Ch. J. This is an action by the plaintiffs as owners and holders of seven several drafts, drawn at Paris, in France, upon the defendant, at London, payable there and there accepted by him. Plaintiffs were residents and doing business at Paris. The cause was tried by the court without a jury, and judgment given for the plaintiffs for the amount of the drafts and interest, and the same was affirmed on appeal. The facts found were, that the plaintiffs were partners, and that the defendant had accepted the bills, and that the plaintiffs were the owners and holders of the same. The judge also found that the defendant had offered in evidence a certificate of conformity, called a discharge under the English bankrupt act, also a copy of the balance-sheet, so called, and two newspapers containing some publications in reference to the proceedings in bankruptcy; and the court decided, as matter of law, that a discharge of the defendant under the English bankrupt laws did not, under the circumstances of this case as established by the proofs, constitute a defense in this action to the plaintiffs' claim.

The only question presented on this appeal for consideration is whether this finding of law was correct.

1. The defendant made no proof of the statutes of Great Britain, and the court had not, therefore, any evidence of the effect or force of the certificate produced.

The counsel for the appellant is mistaken in supposing that under the authority of *Cutler* v. *Wright* (22 N. Y. 472), that omission could be supplied, on the argument in this court, by reading the same here. That case only went to the extent of holding that, as the Revised Statutes of this State (1 Rev. Stat. p. 165, § 17) provide that the statutes of every other State of this Union are required to be deposited in the State library, it was competent under the direction contained in section 426 of the Code, to read therefrom, on the argument in this court, any statute so deposited, published by the authority of any State. It did not hold that the statutes of any foreign governments could thus be read, without any proof of their authority.

2. The case of *Coates* v. *Hilliard* (2 How. Pr. 344), and adopted and approved *In the matter of Bonaffe* (23 N. Y. 169), only held that, where the debtors and creditors were all subjects of Great Britain and the debt was of English origin and the creditors had received their dividend under the English bankruptcy act, under such circumstances the debt was extinguished. But these circumstances did not obtain in the present case. It affirmatively appeared that the plaintiffs were not subjects of Great Britain and were not domiciled in England; and it did not appear that they had ever voluntarily become parties to the proceedings in bankruptcy in England, or that they had received any dividend under the English bankruptcy act.

Under these circumstances, the learned first judge of the New York Common Pleas was correct in holding that a discharge of the defendant under the English bankrupt laws did not release the defendant from his liability upon the drafts in question, in an action thereon in the courts of this State.

The judgment appealed from should be affirmed with costs.
All the judges concurring,
Judgment affirmed.